IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLIE JOE CHAPMAN, | ) | |
| | ) | |
| Petitioner, | ) | 8:17CV317 |
| | ) | |
| v. | ) | |
| | ) | |
| JUDGE RETELSDORF, SEAN LYNCH, Douglas County Attorney Office, MARK FOXHALL, Douglas County Department of Corrections, C.E.O., and KLAUS HARTMANN, Lincoln Regional Center, M.D., | ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondents. | ) ) | |

This is a habeas corpus action by a pretrial detainee that I construe to have been filed pursuant to 28 U.S.C. § 2241. I conduct an initial review of the petition under 28 U.S.C. § 2243. Moreover, Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* allows me to apply Rule 4 of those rules to a section 2241 action.

Among other things, Chapman claims he is not guilty and disputes his placement at a state mental institution. His state case records,[1] available to this court on-line, show that Petitioner has been declared incompetent to stand trial and that he is currently appealing that determination. Those records further show that the state judge determined on August 21, 2017, that there was a substantial probability that in the foreseeable future Petitioner will become competent. I take judicial notice of the state court records and the records of this court in 8:17CV165 and 8:17CV137. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

---

[1] *State v. Chapman*, No. CR17-729, Douglas County, Nebraska District Court.

As I have told Chapman before, principles of comity and federalism require a federal court to abstain from deciding a pretrial habeas claim under 28 U.S.C. § 2241 unless the prisoner demonstrates that (1) he or she has exhausted available state judicial remedies, and (2) special circumstances warrant federal intervention. As in the related cases he has filed in this Court, Petitioner has failed to overcome those hurdles in this case. *See*, *e.g.*, *Davis v. Mueller*, 643 F.2d 521, 525 (8th Cir.1981) (noting that the availability of federal habeas relief while state court proceedings are still pending is limited by the " 'notion of comity' " and "the proper respect for state functions").

Although Petitioner sought relief under 28 U.S.C. § 2241, he must obtain a certificate of appealability if he wishes to appeal. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); Rule 1(b) and Rule 11(a) of the *Rules Governing Section 2254 Cases in the United States District Courts*. See also *Hoffler v. Bezi*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). The court has applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that the petition for writ of habeas corpus (filing no. 1) is denied without prejudice. All pending motions (including filing no. 18, filing no. 19, filing no. 20, filing no. 21, filing no. 24 and filing no. 25) are denied. No certificate of appealability has been or will be issued. Judgment will be entered by a separate document.

DATED this 29th day of September, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge